| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| ERIC WATKINS, § | |
| § | |
| Plaintiff, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:11-CV-377 |
| § | |
| LIEUTENANT GENTRY, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Eric Watkins, formerly a federal prisoner, proceeding *pro se*, brought this lawsuit against prison officials.

The court referred this matter to a United States magistrate judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge determined plaintiff's claims are barred by the applicable statute of limitations and fail to state a claim upon which relief may be granted. Accordingly, the magistrate judge recommended granting the defendants' motion to dismiss. After receiving no objections from the parties, the report was adopted and a final judgment was entered.

Plaintiff filed a motion to stay the judgment which was interpreted as a motion to alter or amend judgment (#49). On June 14, 2021, plaintiff was granted an extension of time to file objections to the court's report recommending dismissal of the action. Plaintiff's objections were due on or before the expiration of fifteen days from the date of the order. After no objections were filed within thirty days from the date of the order, the court denied plaintiff's motion to alter or amend judgment.

On August 13, 2021, plaintiff filed another motion to alter or amend judgment or order (#62) concerning the denial of his previous motion to alter or amend judgment. Plaintiff asserted that the copy of the order mailed to him on June 14, 2021 granting an extension of time to file objections was returned to the court in error. As a result, plaintiff claimed he did not have an

opportunity to file his objections, and he requested relief from the denial of his motion for relief from judgment (#60).

On December 16, 2021, the court granted plaintiff's motion for relief from order with respect to his previous motion to alter or amend judgment, and plaintiff was provided an extension of fifteen days in which to file any objections. Therefore, plaintiff's objections, if any, were due on or before January 3, 2022.[1] Plaintiff was advised in the order that no further extensions of time would be granted.

On January 10, 2022, despite the court's warning that no further extensions of time would be granted, plaintiff moved for an extension of time (#65). Plaintiff requested an extension of time through January 13, 2022 in which to file his objections. As of this date, plaintiff has failed to file any objections.

## Analysis

FED. R. CIV. P. 59 provides in pertinent part the following:

(a)(1) *Grounds for New Trial*. The court may, on motion, grant a new trial on all or some of the issues - and to any party - as follows:

(A) after a jury trial, for any of reason for which a new trial has heretofore been granted in an action at law in federal court; or

(B) after a non jury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

(2) *Further Action After a Nonjury Trial*. After a nonjury trial the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

(e) Motion to Alter or Amend Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Rule 60, FED. R. CIV. P., provides in pertinent part:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud …, misrepresentation, or misconduct by an

---

[1] December 31, 2021, fifteen days from the date of the order, was a holiday. Therefore, plaintiff's response was due on the next business day, January 3, 2022.

opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Plaintiff is no longer confined. Accordingly, plaintiff is responsible for keeping the court apprised of his current address and checking his mail. The most recent order granting plaintiff an extension of time was served on plaintiff by certified mail on December 17, 2021. While plaintiff claims he did not receive the order until December 29, 2021, the tracking report for the United States Postal Service reveals the order was delivered at 3:17 p.m. on December 24, 2021 to an individual at the address plaintiff provided to the court. *See* https://tools.usps.com. Plaintiff has had an excessive amount of time in which to file any objections to the report in this case. Plaintiff admits he first received the report on March 10, 2018. *See* Plaintiff's Motion to Stay (#49) at *1. Plaintiff, however, has failed to file any objections as of this date.

After careful consideration of plaintiff's motion, the court is of the opinion that plaintiff's motion fails to set forth a meritorious ground warranting relief from the judgment under either Rule 59 or Rule 60. Accordingly, plaintiff's motion should be denied.

### ORDER

For the reasons set forth above, plaintiff's motion to alter or amend judgment should be denied. It is therefore,

**ORDERED** that plaintiff's motion to alter or amend judgment is **DENIED**.

SIGNED at Beaumont, Texas, this 19th day of January, 2022.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE